# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:16-CV-00027-RLV-DCK

| | |
|---|---|
| JONATHAN BYNUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BB&T BANK, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff Jonathan Bynum's Motion to Proceed *in forma pauperis* (Doc. No. 2) (the "IFP Motion") and Defendant BB&T's Motion to Dismiss (Doc. No. 4). For the following reasons, the IFP Motion is **DENIED**, the Defendant's Motion is **DENIED-AS-MOOT**, and the complaint is **DISMISSED**.

Because Plaintiff is seeking to proceed *in forma pauperis*, the Court must first review the complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In so doing, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear

failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Indeed, the rules governing the generous construction of *pro se* pleadings "do[] not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Ashby v. City of Charlotte*, 2015 U.S. Dist. LEXIS 103286, at *4 (W.D.N.C. Aug. 6 2015); *Godfrey v. Long*, 2012 U.S. Dist. LEXIS 2671, at *3-4 (E.D.N.C. 2012) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)); *accord Atherton v. Dist. of Columbia Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("[E]ven a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

This is Plaintiff's second attempt to present these issues to the Court. *See Bynum v. BB&T Bank*, 5:15-CV-120- RLV-DSC, 2015 U.S. Dist. LEXIS 143852 (W.D.N.C. Oct. 21, 2015) (Voorhees, J.). Plaintiff's claims were previously dismissed for failure to show proper diversity jurisdiction, and must be similarly dismissed now. Plaintiff is a North Carolina resident. *See* [Doc. No. 1] at p. 1. As the Court previously found, Defendant is a North Carolina corporation. *See Bynum*, 2015 U.S. Dist. LEXIS 143852, at *1. The Court previously dismissed Plaintiff's state law causes of action because the complaint showed, "[o]n its face, . . . that diversity of citizenship [was] lacking." *Id.* Plaintiff, however, attempts to circumvent the Court's prior holding by purporting to allege a federal cause of action in his renewed complaint. *See* [Doc. No. 1] at p. 1 (asserting 42 U.S.C. § 1983 as a basis for the Court's jurisdiction). Though justice is blind, the Court declines to proceed with a blind eye and deaf ear toward this transparent attempt to establish a fanciful jurisdictional footing.

As is noted by Defendant BB&T, the facts underlying Plaintiff's current lawsuit are essentially the exact same as in his prior complaint. *See*, *e.g.*, [Doc. No. 1] at p. 2 (attempting to

allege a claim based upon BB&T's failure to comply with the power of appointment respecting the purported estate of "Ailene B Derr"). This is evidenced by the fact that count one is alleged as "standard of care," which is patently similar to his prior allegation of negligence. In addition, the current action appears to request additional state law relief in the form of an injunction barring foreclosure. *See* [Doc. No. 1] at p. 5 ("Plaintiff ask [sic] for forbearance relief of forclosing [sic] property . . . ."). None of these allegations state a cause of action that confers federal question jurisdiction on this Court.[1] *See* 28 U.S.C. § 1331. Accordingly, diversity remains Plaintiff's only jurisdictional alternative and, like before, *it does not exist in this case*. *See Bynum*, 2015 U.S. Dist. LEXIS 143852, at *1-2. Therefore, the IFP Motion is **DENIED**, the Defendant's Motion is **DENIED-AS-MOOT**, and the complaint is **DISMISSED**.

As a final matter, the Court again notes that Plaintiff Bynum has filed *numerous* suits with this Court – many of which have been dismissed as outright frivolous. The Court hereby warns Mr. Bynum: The resources and patience of this Court are not limitless. One consumes governmental resources when filing a lawsuit. These governmental resources are available to assist persons with dispute resolution. However, the consumption of governmental resources for the purpose of harassment detracts from this Court's ability to provide resources to others. Put simply, time spent working on cases that are ultimately found frivolous takes away time that could have been spent working on other, non-frivolous matters. "[J]udicial resources are in scarce supply. Meritorious claims often take years to w[i]nd their way through our court system, in part because the judicial system is so overburdened." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 820 (4th Cir. 2004). If Plaintiff intends to continue having frivolous matters filed with this Court, then

---

[1] To be sure, the only federal statute cited by Plaintiff requires that the offending party be a "state actor." *See* 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ."). It is clear on the face of the complaint that BB&T is not a "state actor." Thus, Plaintiff's reliance on Section 1983 is completely frivolous.

the Court may impose **<u>SANCTIONS</u>**, including, but not limited to, a finding of contempt and a pre-filing injunction.

    **SO ORDERED**.

Signed: May 26, 2016

Richard L. Voorhees
United States District Judge